UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLENE MATTHEWS, individually, and on behalf of the Estate of CHARLIE MATTHEWS, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:14-CV-979-JAR ) |
| FRESENIUS MEDICAL CARE NORTH AMERICA, INC.,[1] et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Stay (Doc. No. 13) and to Sever (Doc. No. 11) and Plaintiffs' Motion to Remand. (Doc. No. 22) The motions are fully briefed and ready for disposition. Plaintiffs request expedited consideration of their motion to remand.[2] (Doc. No. 24) On June 26 and July 14, 2014, Plaintiffs filed supplemental legal authority in support of their motion to remand. (Doc. Nos. 33-34) On July 15, 2014, Defendants filed supplemental authority in support of their motion to stay and opposition to Plaintiffs' motion to remand. (Doc. No. 35)

**Background**

This is one of many products liability lawsuits that have been filed in federal and state courts concerning Granuflo®, an acid concentrate product commonly used in kidney dialysis treatments. On April 15, 2014, Plaintiffs filed this action in the Circuit Court of the City of St.

---

[1] Defendants state in their notice of removal that "Fresenius Medical Care North America, Inc." is not a legal entity. The Court will disregard this "defendant" for purposes of Plaintiffs' motion.

[2] The parties have thoroughly briefed the motions and the Court has determined it can resolve the issues presented without the need for oral argument. Therefore, Fresenius' request for oral argument (Doc. No. 26-8) will be denied.

1

Louis, in the State of Missouri, case number 1422-CC00857, against Defendants Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing, Inc., and Fresenius USA Sales, Inc. (collectively "Fresenius"). Plaintiffs seek monetary damages for injuries or deaths they or their decedents allegedly sustained as the result of the use of Granuflo® dialysis products.

On May 23, 2014, Fresenius removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Fresenius has asked the Court to stay any further proceedings in this case pending likely transfer to the multidistrict litigation proceeding, *In re: Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation* (MDL) No. 2428. Fresenius has also moved to sever Plaintiffs' claims because they have been improperly joined under Federal Rule of Civil Procedure 20.

Plaintiffs seek remand, arguing the Court lacks subject matter jurisdiction over this dispute because complete diversity is absent. The Fresenius defendants are citizens of New York, Massachusetts and Delaware. Plaintiff Felicita Vazguez is a citizen of Massachusetts and Patrick Disilvestro is a citizen of Delaware. Fresenius argues this Court nonetheless has jurisdiction because the non-diverse plaintiffs have been fraudulently misjoined.

**Motion to Stay**

Fresenius claims a stay of proceedings in necessary and appropriate to achieve the judicial economies underlying 28 U.S.C. § 1407, because "[t]he allegations in this case are patterned on the same allegations as more than 1600 other lawsuits currently pending in Multi-district Litigation in the District of Massachusetts, and this case belongs in that forum." (Doc. No. 14, p. 1) Fresenius contends that staying all proceedings pending transfer of this action to the MDL would ensure the MDL's goal of coordinating discovery and pretrial proceedings in these cases. (Id.)

"A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." Spears v. Fresenius Medical Care North America, Inc., 2013 WL 2643302, at *2 (E.D.Mo. June 12, 2013) (quoting T.F. v. Pfizer, Inc., 2012 WL 3000229, at *1 (E.D.Mo. July 23, 2012)). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." Id. Indeed, the Judicial Panel on Multidistrict Litigation (JPML) has encouraged the Court to rule on any pending motions, including motions to remand, "as early resolution might be in the interest of the involved courts and parties." Bluestein v. Fresenius Medical Care North America, Inc., 2014 WL 2894996, at *2 (E.D. Mo. Jun. 26, 2014); McGee v. Fresenius Medical Care North America, Inc., 2014 WL 2993755, at *2 (E.D.Mo. July 3, 2014). This Court is in the best position to determine subject matter jurisdiction, and waiting for a decision by the JPML before ruling on the motion to remand "would not promote the efficient administration of justice." Spears, 2013 WL 2643302, at *1 (quoting Stone v. Baxter Int'l, Inc., 2009 WL 236116, at *2 (D.Neb. Jan. 30, 2009). See also Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F.Supp. 1186, 1188-89 (N.D.Cal. 1997). The Court will, therefore, deny Fresenius' motion to stay.

**Motion to Remand**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff

holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that one plaintiff is a citizen of Massachusetts and one plaintiff is a citizen of Delaware, states of which one or more of the Fresenius defendants are citizens, but Fresenius contends this Court has jurisdiction because the non-diverse plaintiffs have been fraudulently misjoined.

As recently observed by United States District Judge Stephen N. Limbaugh, Jr., this scenario has played out numerous times with respect to litigation involving Granuflo® and the Fresenius defendants. McGee, 2014 WL 2993755, at *3 (citing Spiller v. Fresenius USA, Inc., 2014 WL 294430 (E.D.Mo. Jan. 27, 2014); Woodside v. Fresenius Medical Care North America, Inc., 2014 WL 169637 (E.D. Mo. Jan. 15, 2014); Aday v. Fresenius Medical Care North America, Inc., 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); Agnew v. Fresenius Medical Care North America, Inc., 2014 WL 82195 (E.D. Mo. Jan. 9, 2014); Spears, 2013 WL 2643302). See also, Bluestein, 2014 WL 2894996. In each case, the plaintiffs have filed their lawsuit in state court in St. Louis, Missouri, and Fresenius has removed the case citing diversity jurisdiction and fraudulent misjoinder of one or more plaintiffs. However, the Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. Weaver v. Fresenius Medical Care N. Amer., Inc., No. 4:14CV00959RWS, slip op. at 4 (E.D. Mo. May 29, 2014); Prempro, 591 F.3d at 620-22.

In Prempro, the Eighth Circuit considered the defendants' argument that the plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction action or occurrence as required by Rule 20(a), but declined to either adopt or reject the fraudulent misjoinder doctrine. Prempro, 591 F.3d at 618-22. The Eighth Circuit concluded that the Prempro plaintiffs' claims, having arisen from a series of transactions involving manufacturers of hormone replacement therapy drugs, shared a "real connection," because common questions

of law and fact, particularly as to the issue of causation, were likely to arise during the course of litigation. Id. at 623.

In the instant case, Plaintiffs are each alleged to have been injured by the same prescription product and arising from the same development, distribution, marketing, and sales practices for that product. As a result, all of the above-cited cases that have come before this Court as part of the Fresenius litigation have been remanded in accordance with Prempro. Fresenius responds that the landscape of these cases has changed dramatically following remand, with the plaintiffs going on to make "game-changing amendments" to their petitions, adding numerous new plaintiffs from around the country (but not so many as to cross the threshold for CAFA[3] jurisdiction and require removal again). Fresenius characterizes these cases as "part of an aggressive campaign by hundreds of plaintiffs to circumvent the MDL and establish the City of St. Louis as a rival forum by manipulating the rules of joinder, venue and jurisdiction," and urges this Court to deny the motion to remand and allow it to be transferred to the MDL. Judge Limbaugh rejected the identical argument by Fresenius, "which of course has nothing to do with the plaintiffs in *this* case." McGee, 2014 WL 2993755, at *4 (emphasis in the original). "As the Eighth Circuit has held, if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Id. (citing Iowa Pub. Serv. Co. v. Med. Bow Coal, Co., 556 F.2d 400, 404 (8th Cir. 1977)). See also, Dickerson v. GlaxoSmithKline, LLC, 2010 WL 2757339, at *2 (E.D.Mo. July 12, 2010) ("[T]he bad faith referred to [in Prempro] must be something more than a desire to defeat federal jurisdiction.").

---

[3] Under CAFA, the federal Class Action Fairness Act of 2005, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class. 28 U.S.C. § 1332(d); Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010).

5

Fresenius also contends the claims of the nondiverse plaintiffs are defective, demonstrating that they have been fraudulently misjoined. "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quoting Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Id. The plaintiffs need only show a "colorable" cause of action to withstand the fraudulent joinder argument, meaning they must show that state law *might* impose liability under the facts alleged. McGee, 2014 WL 2993755, at *4. Fresenius has not shown that each of the two non-diverse plaintiffs lacks a colorable claim under state law, as minimally required by Filla,

Alternatively, Fresenius contends that Plaintiffs' claims are completely unrelated and as such should be severed under Rule 20. Rule 20(a)(1) "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" Prempro, 591 F.3d at 622. In support of its motion to sever, Fresenius argues that Plaintiffs' claims do not arise from the same transaction, occurrence or series of transactions. Rather, Plaintiffs and their decedents allege treatment at different dialysis clinics, with different doctors, at different times, with different medical histories and prescriptions, raising a number of distinct questions of fact for discovery and trial.

This Court, in several recent cases, has found similar misjoinder arguments unpersuasive where, as here, plaintiffs allege injury from the same prescription product. Woodside, 2014 WL 169637, at *3 (collecting cases). "Plaintiffs' claims need not arise from the same transaction or occurrence, nor must they share a common outcome, so long as common questions of law or fact

6

are likely to arise in the litigation." Aday, 2014 WL 169634, at *3 (citing Spears, 2013 WL 2643302 (citing Prempro, 591 F.3d at 622-23). See also, Agnew, 2014 WL 82195, at *4-5 (rejecting defendants' argument that there was fraudulent misjoinder because plaintiffs received care from different doctors at different times). Similarly, Plaintiffs in this case have sued Fresenius for injuries or death caused by GranuFlo® and arising out of the same development, distribution, marketing, and sales practices for GranuFlo®. That patients treated with GranuFlo® had different prescribing physicians and some differences in injuries, or that treatment occurred in different states, fails to undermine the relatedness of these claims and the common issues of law and fact that will arise in all of the claims. The Court finds Plaintiffs' claims are sufficiently related to support joinder in this suit and will deny Fresenius's motion to sever.

**Conclusion**

The Court adopts the well-reasoned opinions of other judges from this District in finding that Plaintiffs claims are sufficiently related to support joinder and that Fresenius has not met its burden of demonstrating diversity jurisdiction under 28 U.S.C. § 1332. Lacking subject-matter jurisdiction over this matter, the Court will grant the motion to remand. Bluestein, 2014 WL 2894996, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Sever [11] and to Stay [13] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit, St. Louis City, Missouri.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Expedite Briefing and Ruling on Motion to Remand [24] is **DENIED** as moot.

Dated this 21st day of July, 2014.

　　　　　　　　　　　　　　　　　　　　/s/ John A. Ross
　　　　　　　　　　　　　　　　　　　　JOHN A. ROSS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE